**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

KELSEY LEROY BECKETT,

             Plaintiff,

vs.

UNITED STATES MARSHALS
SERVICE and CEDAR RAPIDS
POLICE DEPARTMENT,

             Defendants.

No. C18-0117-LTS

**MEMORANDUM OPINION
AND ORDER**

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

KELSEY LEROY BECKETT and JACOB
DAVID SNAY,

             Plaintiffs,

vs.

FAYETTE COUNTY CORRECTIONAL
CENTER, THYRON MATHEWS,
KATRINA UNKNOWN, KRISTA
UNKNOWN, JORDAN UNKNOWN,
ASHLEE UNKNOWN, CHRIS
UNKNOWN, MARY UNKNOWN and
REID UNKNOWN,

             Defendants.

No. C19-2039-LTS

**MEMORANDUM OPINION
AND ORDER**

Before me are two pro se cases filed by plaintiff Kelsey Beckett.[1]  In the first (C18-0117-LTS, Doc. No. 1-1) Beckett raises claims pursuant to both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that officers used excessive force during his arrest.  In the second (C19-2039-LTS, Doc. No. 1-1) Beckett and plaintiff Jacob Snay make four claims: 1) they were not provided adequate nutrition at the Fayette County Correctional Center; 2) defendants were deliberately indifferent because it is too cold to sleep at Fayette County Correctional Center; 3) they were denied access to the courts because the Fayette County Correctional Center does not have adequate legal resources; and 4) Beckett was subject to excessive force when defendants used a taser on him while he was lying on the floor.

## I.     APPLICATIONS TO PROCEED IN FORMA PAUPERIS

### A.     *Plaintiff Beckett*

In both cases Beckett did not submit the statutory filing fees.  *See* 28 U.S.C. § 1914(a) (requiring filing fee).  In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses.  *See* 28 U.S.C. § 1915(a)(1).  In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined.  *See* 28 U.S.C. § 1915(a)(2).

Beckett, who, as noted above, is incarcerated, filed motions to proceed in forma pauperis in both cases.  C18-0117-LTS, Doc. No. 1 and C19-2039-LTS, Doc. 1.  Beckett failed to provide a copy of his prisoner account statement with his motion in C18-0117-

---

[1] Beckett was recently sentenced to 151 months' incarceration in this court.  *See* CR18-0094-CJW, Doc. No. 105.

LTS. However, because he filed a complete motion in C19-2039-LTS, Doc. No. 1, I will consider that motion as applicable to both cases. That motion substantially complies with the requirements set out above. Because it is clear that Beckett does not have the assets necessary to pay the filing fee his applications will be **granted**. However, even though the court deems it appropriate to grant a prisoner-plaintiff in forma pauperis status, that plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff must pay an initial partial filing fee in the amount of twenty percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the documents that Beckett submitted, it appears he has no money in his prison account, and he has not made any deposits into his prison account. *See* C19-2039-LTS, Doc. No. 1 at 3. Accordingly, the institution having custody of Beckett is directed to monitor his account, and, at such time that it is possible, provide an initial partial filing fee as calculated by pursuant to 28 U.S.C. § 1915(b) for each of the above captioned cases.

In addition to the initial partial filing fee, plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically:

> [a]fter payment of the initial partial filing fee, the prisoner shall be required
> to make monthly payments of 20 percent of the preceding month's income
> credited to the prisoner's account. The agency having custody of the

> prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after plaintiff pays in full the initial partial filing fees, the remaining installments shall be collected by the institution having custody of the plaintiff. The clerk's office shall send a copy of this order and the notice of collection of filing fees to the appropriate official at the place where plaintiff is an inmate.

### B.     *Plaintiff Snay*

Plaintiff Snay did not pay the filing fee in C19-2039-LTS and filed a motion to proceed in forma pauperis. *Id*. at Doc. No. 1. However, Snay did not file a prison account statement along with his motion. Accordingly, I will grant Snay thirty days from the date of this order to either pay the $400 filing fee or file a motion to proceed in forma pauperis which complies with the requirements set out above. If Snay fails to either pay the filing fee or file a motion to proceed in forma pauperis within thirty days, he will be dismissed from C19-2039-LTS with no further order of the court. The clerk's office is directed to send Snay the standard motion to proceed in forma pauperis form.

## II.     INITIAL REVIEW STANDARD

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, the Court may dismiss an in forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b)(1) (requiring the Court to do an initial review of prisoner complaints).

In reviewing a prisoner or in forma pauperis complaint, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Pro se complaints, however, must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim pursuant to § 1915(e)(2), courts generally rely on the standards articulated pursuant to Federal Rule of Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to § 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *Id.* at 555., or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

## III.   INITIAL REVIEW ANALYSIS

### A.   *Bivens Standard*

Beckett's first case, C18-0117-LTS, is brought, in part, pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

> As a general rule, *Bivens* claims and § 1983 claims are almost identical and involve the same analysis. *See Gordon*, 168 F.3d at 1113 ("An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." (citation omitted)); *Duffy v. Wolle*, 123 F.3d 1026, 1037 (8th Cir. 1997) (recognizing that the § 1983 body of law applies to *Bivens* actions).

*Solomon v. Petray*, 795 F.3d 777, 789 fn.7 (8th Cir. 2015); *see also Wright v. United States*, 813 F.3d 689, 695 (8th Cir. 2015) (applying excessive force standards in a *Bivens* action against the US Marshals Service).

**B.** **§ *1983 Standard***

The remainder of the claims in the two cases are brought pursuant to 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

§ 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1)

the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## C. Claims in C18-0117-LTS

In his first case, Beckett makes a relatively straightforward excessive force claim. Beckett alleges that following a high-speed chase, he was taken into custody by the Cedar Rapids Police Department and U.S. Marshals Service, who handcuffed him and placed him on the ground. Beckett alleges that after he was on the ground, the arresting officers allowed a K-9 unit to bite him, and those bites resulted in serious medical issues.

The Supreme Court has set a high bar for dismissing excessive force claims brought by pretrial detainees claims on initial review. Reversing a grant of summary dismissal in a similar case, the Supreme Court stated:

> this Court rejected the notion that "significant injury" is a threshold requirement for stating an excessive force claim. The "core judicial inquiry," we held, was not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." 503 U.S. at 7, 112 S. Ct. 995; *see also Whitley v. Albers*, 475 U.S. 312, 319–321, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986). "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated … whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. at 9, 112 S. Ct. 995; *see also id.*, at 13–14, 112 S.Ct. 995 (Blackmun, J., concurring in judgment) ("The Court today appropriately puts to rest a seriously misguided view that pain inflicted by an excessive use of force is actionable under the Eighth Amendment only when coupled with 'significant injury,' *e.g.*, injury that requires medical attention or leaves permanent marks").

*Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010); *see also Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017) (setting out excessive force standards at summary judgment stage). At this early stage of the case, I cannot make a finding regarding whether that force was used against Beckett in a good faith manner. Accordingly, I will allow Beckett's excessive force claim to proceed past initial review.

However, I note that Beckett has not listed any individual defendants in this case. 42 U.S.C. § 1983 specifically provides for a federal cause of action against a "person" who, under color of state law, violates another's federal rights. In *Will v. Michigan Dept. of State Police*, the Supreme Court ruled "that a State is not a person within the meaning of § 1983." 491 U.S. 58, 63 (1989).[2] *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *and De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they were not suable entities).

Accordingly, the proper defendant in a § 1983 action is the specific person who is alleged to have committed a constitutional violation. Accordingly, I will give Beckett thirty days from the date of this order to file an amended complaint in C18-0117-LTS. In his amended complaint, Beckett should use the standard form and 1) name the correct defendants; 2) state if the individual defendants are unknown to him; and 3) state if he intends to sue the municipality, the Cedar Rapids Police Department. The clerk's office is directed to send Beckett a copy of the standard § 1983 form.

---

[2] Municipalities may be found liable in a § 1983 case under limited circumstances, pursuant to the rational articulated in *Monell v. Department of Social Servs. of New York*, 436 U.S. 658 (1978). *See Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007).

## D.      Claims in C19-2039-LTS

As noted above, in C19-2039-LTS, Beckett and Snay make four claims. First, Beckett alleges that he experienced excessive force at the Fayette County Correctional Center.[3] Second, Beckett and Snay allege they were not provided adequate nutrition at the Fayette County Correctional Center. Third, Beckett and Snay allege that the Fayette County Correctional Center is too cold, and they did not receive adequate clothes and blankets to be able to sleep. Finally, Beckett and Snay allege that the Fayette County Correctional Center does not provide inmates adequate legal resources.

### 1.      Excessive Force

I set out the relevant pretrial detainee excessive force standard above. In the second case, Beckett again alleges excessive force, stating that during an argument regarding a "mat," officers put him on the ground and repeatedly tased him. For the reasons stated above, at this early stage of the case, I cannot determine whether that could amount to excessive force. Accordingly, Beckett's excessive force claim will be allowed to proceed.

### 2.      Adequate Nutrition

In their complaint, Beckett and Snay allege that defendants "failed to do" anything when Beckett and Snay complained about the lack of food and the poor quality of the institution food. "[D]eliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006). Under this standard:

---

[3] This claim does not appear to apply to Snay. Accordingly, to the extent Snay makes an excessive force claim, it is denied.

> [a] plaintiff may demonstrate violation of his constitutional rights by evidence "that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food." *Id. See also Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (suggesting that inmate claiming inadequate diet must allege losing weight, suffering adverse physical effects, or being denied nutritionally or calorically adequate diet), cited with approval in *Davis v. Missouri*, 389 Fed. Appx. 579, 579 (8th Cir. 2010). To demonstrate a constitutional violation, [plaintiff] must show that the defendants were deliberately indifferent to his nutritional needs, that is, "failed to act despite … knowledge of a substantial risk of serious harm." *See Farmer v. Brennan*, 511 U.S. 825, 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

*Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016).

Plaintiffs allege, among other things, that they were served raw chicken, complained about it, but defendants refused to remedy the situation. That allegation is sufficient to state a claim of deliberate indifference to their nutritional needs and must be allowed to proceed past initial review. *See Porter v. Cape Girardeau Cty. Sheriff's Office*, No. 1:18-CV-00139-AGF, 2018 WL 4300277, at *8 (E.D. Mo. Sept. 10, 2018) (allowing a similar food related claim to survive past initial review).

### 3. Facility Temperature

Plaintiffs next complain about the temperature in the Fayette County Correctional Center and allege the temperature was kept so low they could not sleep. As noted above, the deliberate indifference standard also applies to claims related to conditions of confinement, including temperature.

> It is well settled that inmates have the right to adequate shelter, including "protection from extreme cold," *see McCarthy v. Mullins*, 2007 WL 437868, at *12 (W.D. Ark. Feb. 7, 2007) (quoting *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997)), and to "not be confined in a cell at so low a temperature as to cause severe discomfort," *Del Raine v. Williford*, 32 F.3d 1024, 1034 (7th Cir. 1994) (citation and quotation omitted).

*Cannady v. Cradduck*, No. 5:16-CV-05039, 2017 WL 899968, at *4 (W.D. Ark. Mar. 7, 2017). Numerous courts have allowed claims to proceed when a prisoner or detainee alleges it is too cold to sleep in a facility. *See Wright v. McMann*, 387 F.2d 519, 521-22, 526 (2d Cir. 1967) (finding that the inmate stated an Eighth Amendment claim by alleging he was "forced to sleep completely nude on the cold rough concrete floor and that the cell was so cold and uncomfortable that it was impossible for him to sleep for more than an hour or two without having to stand and move about in order to keep warm"); *see also Tafari v. McCarthy*, 714 F. Supp. 2d 317, 367 (N.D.N.Y. 2010) ("[c]ourts have previously recognized that sleep constitutes a basic human need and conditions that prevent sleep violate an inmate's constitutional rights"). Based on the forgoing, I find plaintiffs have alleged a sufficient deliberate indifference claim to proceed past initial review. *See also Wedmore v. Jorgenson*, No. 1:14-CV-149, 2015 WL 5793615, at *5 (D.N.D. Oct. 2, 2015) (allowing a similar conditions of confinement claim survive beyond initial review).

### 4. Access to Legal Materials

Finally, plaintiffs allege that the Fayette County Correctional Center does not have adequate legal resources. "The Constitution guarantees prisoners a right to access the courts." *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). "For prisoners, meaningful access to the courts 'requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" *Id*. (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343, 354 (1996)). The constitutional right to access the courts is limited to an inmate's ability to access the courts to "attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis*, 518 at 355. The right to access the courts is focused on the detainees' ability to present a

claim to the court. *Id*. at 354. A plaintiff must show that the lack of access to the relevant legal materials caused him an actual injury in order to have standing to bring a claim for denial of access to the courts. *Id*. at 349. Actual injuries resulting from the denial of access to the courts include, *e.g.*, a court dismissing a prisoner's claim due to the lack of access to legal materials, or the inmate being unable to file a claim for an actionable harm due to the lack of access to legal materials. *Id*. at 351; *see also Root v. Towers*, 238 F.3d 423 (6th Cir. 2000) (unpublished) ("[n]o actual injury occurs without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented."); *Nitz v. Hall*, No. 11-1143, 2011 WL 13193297, at *3 (C.D. Ill. June 16, 2011), *aff'd*, 473 F. App'x 513 (7th Cir. 2012) (citations omitted) ("when a plaintiff alleges a denial of the right to access the courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources."). Conclusory statements that a prisoner was unable to properly prepare a legal document, standing alone, are insufficient to support a claim for denial of access to the courts. *See Pearson v. Saar*, No. PJM-03-869, 2004 WL 1391160, at *4 (D. Md. Jan. 21, 2004), aff'd, 96 F. App'x 156 (4th Cir. 2004).

In this case, plaintiffs do not allege any actual injury occurred because of the lack of legal resources at the Fayette County Correctional Center. Accordingly, plaintiffs have failed to allege a claim for which relief can be granted and their access to the courts claim must be **denied**.

## IV. MOTION TO APPOINT COUNSEL

In C18-0117-LTS, Beckett filed a motion to appoint counsel. *Id.*, at Doc. No. 2. Under 28 U.S.C. §1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146

F.3d 538, 546 (8th Cir. 1998). "The [district] court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants. *Phillips*, 437 F.3d at 794." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).

> When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim. *See Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir.1986).

*Redwing*, 146 F.3d at 546. After considering those factors, I am persuaded that the appointment of counsel is not warranted at this time. The excessive force issue raised in C18-0117-LTS is straightforward, discovery will likely be limited and I am acquainted with the relevant standards. Accordingly, Beckett's motion to appoint counsel (C18-0117-LTS, Doc. No. 2) is **denied**.[4]


## V.    MOTION FOR DISCOVERY

In C18-0117-LTS, Beckett filed a motion for subpoenas and other discovery. *Id.*, at Doc. No. 7. However, that motion is premature, as the complaint has not been formally filed or served. Accordingly, Beckett's motion (C18-0117-LTS, Doc. No. 7) is **denied** without prejudice. Beckett may refile his motion after the defendants have filed an answer, if they do not respond to his discovery requests.


## VI.    CONCLUSION

For the reasons set forth herein:

1.    Plaintiff Beckett's motions to proceed in forma pauperis in each case (C18-0117-LTS, Doc. No. 1 and C19-2039-LTS, Doc. No. 1) are **granted**.

---

[4] However, Beckett remains free to solicit private counsel to represent him in this case.

2. The clerk's office shall docket each complaint (C18-0117-LTS, Doc. No. 1-1 and C19-2039-LTS, Doc. No. 1-1) without the prepayment of fees.

3. In C19-2039-LTS, plaintiff Snay is given thirty days from the date of this order to file an amended motion to proceed in forma pauperis. If he does not file an amended motion that complies with the rules set out above, he will be dismissed from C19-2039-LTS with no further order of the court. The clerk's office is directed to send Snay the standard motion to proceed in forma pauperis form.

4. The institution having custody of Beckett is directed to monitor his prison trust fund account and, when it becomes possible, remit the appropriate initial partial filing fees in both cases as calculated pursuant to the formula in 28 U.S.C. § 1915(b). Additionally, once the initial partial filing fees are paid, the institution having custody of Beckett is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the two $350.00 filing fees are paid in full, he is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

5. The clerk's office is directed to send a copy of this order and the notice of collection of the filing fees to the appropriate official at the place where plaintiff is an inmate.

6. In C18-0117-LTS, plaintiff Beckett is directed to file an amended complaint within thirty days of the date of this order as set out above. The clerk's office is directed to send Beckett a copy of the standard § 1983 form.

7. The clerk's office is directed to serve, via certified mail, the C18-0117-LTS complaint, a copy of this order and a waiver of service of summons

form on defendant Cedar Rapids Police Department c/o the Cedar Rapids City Attorney's Office.

8.    The clerk's office is directed to serve, via certified mail, the C18-0117-LTS complaint, a copy of this order and a waiver of service of summons form on defendant United States Marshals Service c/o the United States Attorney's Office for the Northern District of Iowa.[5]

9.    The clerk's office is directed to serve, via certified mail, the C19-2039-LTS complaint, a copy of this order and a waiver of service of summons form on defendants Fayette County Correctional Center, Thyron Mathews, Katrina Unknown, Krista Unknown, Jordan Unknown, Ashlee Unknown, Chris Unknown, Mary Unknown and Reid Unknown c/o the Fayette County, Iowa, Attorney's Office.[6]

10.   As set out above, plaintiff Beckett's claim in C18-0117-LTS will be allowed to proceed past initial review.

11.   As set out above, plaintiffs' claims in C19-2039-LTS will be allowed to proceed past initial review, except that plaintiffs' claims related to access to the courts is **denied**.

12.   Plaintiff Beckett's motion to appoint counsel (C18-0117-LTS, Doc. No. 2) is **denied**.

13.   Plaintiff's Beckett's motion for discovery (C18-0117-LTS, Doc. No. 7) is **denied** without prejudice.

---

[5] Alternately the clerk of court may designate an employee to personally serve a representative of the U.S. Attorney's Office. If the clerk's office personally serves the documents set out above, the designated employee shall file on the docket an affidavit memorializing the time, manner and completion of service, along with a notation of who accepted service on behalf of the U.S. Attorney's Office.

[6] The clerk's office may send one certified package to the Fayette County, Iowa, Attorney's Office, containing copies of the documents for each defendant.

**IT IS SO ORDERED.**

**DATED** this 5th day of September, 2019.

_____
Leonard T. Strand, Chief Judge

**TO: WARDEN/ADMINISTRATOR**

**Oklahoma City Federal Transfer Center, Oklahoma City, Oklahoma.**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Kelsey Leroy Beckett, No. 12437-029, an inmate at your facility, filed two lawsuits in the United States District Court for the Northern District of Iowa: *Beckett v. U.S. Marshals Service et al.*, Case No. C18-0117-LTS and *Beckett et al., v. Fayette County Correctional Center et al.*, Case No. C19-2039-LTS. The inmate was granted in forma pauperis status in both cases pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Because the inmate has never had any deposits in his prison account nor has he had a positive account balance, it is impossible to determine his initial partial filing fee. Accordingly, you are directed to monitor his account, and, at such time that it is possible to calculate, provide the initial partial filing fees in each case as calculated by pursuant to 28 U.S.C. § 1915(b).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after the initial partial filing fees are paid, you should begin making monthly payments of 20 percent of the preceding month's income credited to the plaintiff's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed. If plaintiff has been relocated to a different institution, please forward this Order and Notice to the institution having custody of him. Any institution having custody of plaintiff shall be responsible to collect and remit the filing fee as set forth above.

_____ Deputy Clerk

Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa

**NOTICE OF LAWSUIT,**
**and REQUEST FOR WAIVER OF SERVICE OF SUMMONS**

<u>TO THE NAMED DEFENDANTS IN THE FOLLOWING CAPTIONED ACTION:</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

KELSEY LEROY BECKETT,

No. C18-0117-LTS

Plaintiff,
vs.

UNITED STATES MARSHALS
SERVICE and CEDAR RAPIDS
POLICE DEPARTMENT,

Defendants.

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

KELSEY LEROY BECKETT and
JACOB DAVID SNAY,

No. C19-2039-LTS

Plaintiffs,

vs.

FAYETTE COUNTY CORRECTIONAL
CENTER, THYRON MATHEWS,
KATRINA UNKNOWN, KRISTA
UNKNOWN, JORDAN UNKNOWN,
ASHLEE UNKNOWN, CHRIS
UNKNOWN, MARY UNKNOWN and
REID UNKNOWN,

Defendants.

_____

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached.  This complaint has been filed in the United States District Court for the Northern District of Iowa.

     Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint.  Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons.  After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date:

.

     I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this _____ 5th day of September _____, 2019.

                                             Deputy Clerk
                                  Signature (Clerk's Office Official)
                                    Northern District of Iowa

(**\*\*Return this** document within thirty days after _____, to the United States Clerk's Office in the envelope provided.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

KELSEY LEROY BECKETT,

Plaintiff,
vs.

UNITED STATES MARSHALS
SERVICE and CEDAR RAPIDS
POLICE DEPARTMENT,

Defendants.

No. C18-0117-LTS

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

KELSEY LEROY BECKETT and
JACOB DAVID SNAY,

Plaintiffs,

vs.

FAYETTE COUNTY CORRECTIONAL
CENTER, THYRON MATHEWS,
KATRINA UNKNOWN, KRISTA
UNKNOWN, JORDAN UNKNOWN,
ASHLEE UNKNOWN, CHRIS

No. C19-2039-LTS

UNKNOWN, MARY UNKNOWN and
REID UNKNOWN,

Defendants.

_____

     I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant.  I have received and/or read the complaint accompanying this document.

     I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.  I hereby waive service of summons.

     I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons.  I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after _____, (the date Notice, Waiver and corresponding documents were sent).

Date _____     Signature _____

                         Printed name _____

                         As _____ of _____

                            (Title)           (Entity)

Date _____     Signature _____

                         Printed name _____

                         As _____ of _____

                            (Title)           (Entity)

Date _____     Signature _____

                         Printed name _____

                         As _____ of _____

(Title)          (Entity)

Date _____          Signature _____

                            Printed name _____

                            As _____ of _____
(Title)          (Entity)

Date _____          Signature _____

                            Printed name _____

                            As _____ of _____
(Title)          (Entity)

Date _____          Signature _____

                            Printed name _____

                            As _____ of _____
(Title)          (Entity)

Date _____          Signature _____

                            Printed name _____

                            As _____ of _____
(Title)          (Entity)

Date _____          Signature _____

                            Printed name _____

                            As _____ of _____
(Title)          (Entity)

Date _____          Signature _____

                            Printed name _____

                            As _____ of _____
(Title)          (Entity)

Date _____          Signature _____

                            Printed name _____

                            As _____ of _____
                                    (Title)              (Entity)


Date _____          Signature _____

                            Printed name _____

                            As _____ of _____
                                    (Title)              (Entity)


## Address Form


Case Number: 18-CV-117-LTS and

           C19-2039-LTS          Date: _____


To:     Clerk of Court

RE:     Service on Named Defendants


Cedar Rapids Police Department
c/o Cedar Rapids City Attorney's Office
101 First Street SE
Cedar Rapids, IA  52401

United States Marshal Service
c/o United States Attorney's Office
Northern District of Iowa
111 7th Avenue SE
Cedar Rapids, IA  52401

Fayette County Correctional Center
Thyron Mathews
Katrina Unknoown
Krista Unknown
Jordan Unknown

Ashlee Unknown
Chris Unknown
Mary Unknown
Reid Unknown
c/o Fayette County, Iowa Attorney's Office
120 East Charles Street
Oelwein, IA  50662